UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
JACK HOLLAND,

                Plaintiff,

    - against -

MIGUEL MARCIAL, ZENAB ELSAYED,
and HOSAMELDIN ALI,

                Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

11 CV 919 (RJD) (CLP)

DEARIE, District Judge.

    On October 12, 2008, NYPD officer Miguel Marcial responded to a 911 call reporting a domestic dispute at the Brooklyn apartment plaintiff Jack Holland shared with his mother and brother. When Officer Marcial arrived, Holland's mother and brother reported that Holland had threatened his mother with a knife, which they handed to the officer. Over Holland's protests of innocence, Marcial arrested Holland and charged him with menacing, harassment, and weapon possession. Holland spent 30 days in jail before all charges against him were dropped.

    Holland, appearing pro se and in forma pauperis, sues Officer Marcial under 42 U.S.C. § 1983 for unlawful arrest and detention. Plaintiff also names his mother and brother as defendants. Defendant Marcial moves to dismiss under Rule 12(b)(6) on the ground that he had probable cause to arrest plaintiff. The Court agrees. For the reasons below, defendant's motion is granted.

    The Court assumes the parties' familiarity with the allegations, which are read in plaintiff's favor, granting him all reasonable inferences. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Holland has amended his complaint three times. See ECF Docket

# 4 (5/23/11); # 6 (6/28/11); # 10 (8/3/11). Despite ample opportunities to allege a basis for relief, plaintiff has failed.

Based on Holland's own allegations, his false arrest claim fails because Officer Marcial had probable cause to arrest him for threatening to stab his mother. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (probable cause is "complete defense" to false arrest). "[P]robable cause to arrest exists when the officers have . . . reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." Id. As long as the victim provides "specific details" of the alleged crime to the police, the victim's complaint alone can establish probable cause. Daniels v. City of New York, 2003 WL 22510379, at *3 (S.D.N.Y. Nov. 5, 2003) (Lynch, J.) (granting 12(b)(6) dismissal of pro se false arrest complaint where plaintiff did not allege any basis for disbelieving complaining witness). Holland alleges that while he prepared for his Sunday workout, his mother and brother called 911 and falsely reported that Holland had threatened his mother. See Third Am. Compl. ¶¶ 3A, 2B. According to the complaint, when Officer Marcial arrived, Holland's mother and brother[1] reported that Holland had threatened his mother with a knife, and handed over the knife both witnesses claimed Holland had wielded. Id. at ¶¶ 3A-4. Plaintiff gives no reason why Officer Marcial, faced with this evidence, should have distrusted Holland's mother and brother and believed Holland instead. Plaintiff simply states that defendant "should not [have] believed [his] family and [should have done] whatever required . . . to find out the truth." Id. at ¶ 3B. "[O]nce [the victim] complained to the police about an assault, the officers had probable cause to arrest plaintiff, and were not required to

---

[1] In Holland's first amended complaint, he alleges that his brother was a "witness and a translator," although he does not state for whom his brother translated or allege that he translated inaccurately. First Am. Compl. ¶ 3.

2

investigate further." Daniels, 2003 WL 22510379, at *4 (rejecting plaintiff's argument that officer should have snooped around more before arresting him). Also, the fact that plaintiff's mother was uninjured does not defeat probable cause to arrest. See Third Am. Compl. ¶ 3A. On plaintiff's own allegations, defendant had ample probable cause to arrest Holland, defeating his Fourth Amendment claim.

Plaintiff also alleges that "[d]uring the jail time, [he] . . . had . . . sleep apnea," which continues to make him "sleepy all the time and tired." Id. at ¶ 10.[2] Plaintiff attaches medical records showing his sleep apnea diagnosis, but neither he nor the records explain how his 30-day detention caused Holland to develop sleep apnea. Plus, Holland's records date eight to nine months after his detention.

For the reasons stated above, defendant's motion to dismiss is granted. Plaintiff's mother and brother have not registered appearances in this case, although plaintiff certified that he served them with the Third Amended Complaint. See ECF Docket # 10. Neither Elsayed nor Ali are liable under § 1983 as state actors, and plaintiff has not alleged that they conspired with Officer Marcial. Given the Court's action in the forgoing memorandum, plaintiff's complaint is dismissed in its entirety.

---

[2] Holland makes essentially the same health-related claims in his first and second amended complaints, adding that while detained "[he] couldn't keep up with [his] [d]iet and [his diabetes] and cholesterol . . . because . . . the [f]ood in jail [is] 'Fatty Food' (First Am. Compl. ¶ 14); and referring to sleep apnea as "what [he] got during the time" he was detained (Second Am. Compl. ¶ 10).

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of appeal. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 17, 2012

                                                /s/ Judge Raymond J. Dearie

                                                RAYMOND J. DEARIE
                                                United States District Judge